# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-24803-Civ-WILLIAMS/TORRES

ELLA CLINTON, *et al.*,

    Plaintiffs,

v.

SECURITY BENEFIT LIFE INSURANCE
COMPANY, a Kansas corporation,

    Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO STAY

This matter is before the Court on Security Benefit Life Insurance Company's ("Defendant" or "Security Benefit") motion to stay. [D.E. 23]. Ella Clinton, William Carrick, Howard Rosen, Terri Stauffer-Schmidt, Donald and Martha Cox, Wai Hee Yuen, Michael Webber, and Jean Wright (collectively, "Plaintiffs") responded to Defendant's motion on February 26, 2020 [D.E. 27] to which Defendant replied on March 4, 2020. [D.E. 29]. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, reply and relevant authority, and for the reasons discussed below, Defendant's motion is **DENIED**.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

Approximately two years ago, Albert Ogles ("Mr. Ogles") filed a class action complaint in the United States District Court for the District of Kansas against Security Benefit and other unnamed defendants. In Mr. Ogles's second amended complaint, he alleged a single count under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and a single count for unjust enrichment. After Security Benefit and the other defendants filed a motion to dismiss, the district court granted that motion and dismissed the case with prejudice on July 12, 2019. The court found, among other things, that Mr. Ogles's RICO claim was preempted under the McCarran-Ferguson Act and that Mr. Ogles failed to state a claim under Fed. R. Civ. P. 12(b)(6). The court also declined to exercise supplemental jurisdiction over Mr. Ogles's state claim law claim for unjust enrichment. On July 26, 2019, Mr. Ogles's filed a notice of appeal, challenging the district court's determination that he failed to state a claim under Rule 12(b)(6).[1] Security Benefit and the other defendants then field their respective responses on January 21, 2020.

Nearly four months after Mr. Ogles filed his notice of appeal, Plaintiff (a different victim of the alleged fraud) filed her complaint in this case on November 20, 2019 against Security Benefit, alleging RICO violations under 18 U.S.C. § 1962 (c) and 18 U.S.C. § 1962(d), and one count of unjust enrichment. [D.E. 1]. Plaintiff then filed her first amended complaint ("FAC") on January 21, 2020 and included eight named plaintiffs. The FAC maintained the two RICO counts from the initial

---

[1] Mr. Ogles purportedly did not challenge the district court's conclusion that his federal RICO claim was preempted.

2

pleading, eliminated the unjust enrichment claim, but added other state law claims plus a request for class certification. Defendant has now moved to stay the entire action here based on the "first-filed" Kansas case.

## II.    APPLICABLE PRINCIPLES AND LAW

"The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013); *see also Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) ("Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit."). This rule "not only determines which court may decide the merits of substantially similar cases, but also generally establishes which court may decide whether the second filed suit must be dismissed, stayed, or transferred and consolidated." *Id*. The first-filed rule was developed because "[c]ompeting lawsuits involving the same parties and the same issues in separate jurisdictions waste judicial resources and can lead to conflicting results." *In re Checking Account Overdraft Litig.*, 859 F. Supp. 2d 1313, 1324 (S.D. Fla. 2012).

"Applying the first-to-file rule requires [the] evaluation of three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Chapman v. Progressive Am. Ins. Co.*, 2017 WL 3124186, at *1 (N.D. Fla. July 24, 2017) (internal quotation marks and citations omitted). If

3

the court finds that the first-filed rule applies, the court must then determine whether the party objecting to jurisdiction in the first-filed forum has met its burden of demonstrating that "compelling circumstances" support an exception to the rule. *See Chapman*, 2017 WL 3124186, at *1 (quoting *Manuel*, 430 F.3d at 1135); *see also Belacon Pallet Servs, LLC v. Amerifreight, Inc.*, 2016 WL 8999936, at *3–4 (N.D. Fla. Mar. 26, 2016). "Compelling circumstances include bad faith negotiations, an anticipatory suit, and forum shopping." *See Belacon Pallet Servs, LLC*, 2016 WL 8999936, at *4 (citation omitted). If the presumption holds, the district court can either stay, dismiss, or transfer the second-filed case to the forum in which the first-filed action is pending. *See Futurewei Tech., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 709 (Fed. Cir. 2013).

This rule is not meant to be rigid or inflexible but should be applied in a manner that best serves the interests of justice. *See Philibert v. Ethicon, Inc.,* 2005 WL 525330, at *1 (S.D. Fla. Jan. 14, 2005); *Carl v. Republic Sec. Bank,* 2002 WL 32167730, at *3 (S.D. Fla. Jan. 22, 2002). "Thus, while the forum where an action is first filed typically is given priority over subsequently-filed actions, it is appropriate to depart from the general rule when there is a showing that the balance of convenience tips in favor of the second forum or that there are special circumstances which justify giving priority to the second action." *Philibert,* 2005 WL 525330, at *1 (citing *Carl,* 2002 WL 32167730, at *3).

## III.   ANALYSIS

Defendant argues that this case should be stayed for at least thirty days until after the disposition of the appeal in the *Ogles* action because (1) the first-filed rule applies even when a related action is on appeal, (2) both cases involve Security Benefit as a named defendant with overlapping nationwide class members, (3) both actions involve substantially similar issues, and (4) the interests of comity and judicial efficiency weigh in favor of a stay. Plaintiffs oppose a temporary stay because Defendant has failed to establish any hardship or inequity in defending this action, nor has Defendant met any of the factors that courts consider when granting a limited stay. Plaintiffs also claim that a request for a stay is misplaced because it would depend entirely on the proceedings in Tenth Circuit with no timetable for how long it would take for a ruling in that case. For these reasons, Plaintiff concludes that Defendant's motion should be denied and that this case should proceed on the merits.

We begin with the question of whether the first-filed rule applies when a related action is on appeal in a federal court of appeals as opposed to a pending action in a federal district court. Plaintiffs argue that the first-filed rule cannot apply because there is no pending parallel action. Plaintiffs claim that the district court in the *Ogles* action dismissed Mr. Ogles's complaint with prejudice and that the case is no longer pending even if the case is on appeal before the Tenth Circuit.

We agree with Plaintiffs that the first-filed rule is generally applied "when similar actions are pending in two federal district courts and where similar actions

are pending in the same federal district court[.]" *Burger v. Am. Mar. Officers Union*, 1999 WL 46962, at *1 (5th Cir. 1999) (citing *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 961 F.2d 1148, 1161 n.28 (5th Cir. 1992)). But, "the same policy concerns for avoiding duplicative litigation and comity [can also] exist when a similar matter is pending in a federal district court and a federal court of appeals in a different circuit." *Burger*, 1999 WL 46962, at *1 (citing *National Family Planning & Reprod. Health Ass'n v. Sullivan,* 1992 WL 345629, at *2-*3 (D.D.C. Oct. 5, 1992) (declining to exercise jurisdiction when duplicative litigation was ongoing in federal court of appeals); *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1161 n.28 (5th Cir. 1992) (noting that the first-to-file rule applies in contexts where a stay or a dismissal of a case substantially similar to litigation in another court would avoid duplicative litigation)). This is not to say that the first-filed rule *always* applies when there are related actions on appeal because some courts have refused to apply it given the uncertainty that a related case in an appellate court will be vacated or reversed.

A persuasive case to consider is Judge Jordan's decision in *South Fla. Infectious Diseases & Tropical Med. Ctr., LLC v. Healix Infusion Therapy, Inc.*, 2008 WL 11333648, at *1 (S.D. Fla. Mar. 10, 2008). There, the plaintiff sued the defendant in state court and the defendant removed the case to federal court. The defendant then filed a motion to stay pursuant to the first-filed rule because there was a related action pending in Texas state court. The district court found the defendant's request for a stay to be unpersuasive because the state court had

6

dismissed the prior action for a lack of personal jurisdiction. *See id.* ("Healix has not cited, nor have I found, any case applying the first-filed rule in favor of a dismissed action."). The district court also determined that, although the defendant had filed a motion for reconsideration in state court and a notice of appeal, it was hesitant to stay the federal case "on the assumption that the dismissal will be vacated or reversed." *Id.* at *1. Instead, the district court held that the defendant could renew its motion to stay if the state appellate court vacated or reversed the lower court decision.

The same reasoning applies to the facts of this case because, while the first-filed rule could apply under these circumstances, there is a great deal of uncertainty as to when the Tenth Circuit may render a decision on the district court's order of dismissal in the *Ogles* action. There is also uncertainty as to whether the district court's order will even be reversed and what effect, if any, it may have on the claims presented in this case. This weighs against the imposition of a stay because there is no timetable as to when there may be an appellate decision and it requires this Court to speculate as to the likelihood of reversal. *See, e.g.*, *Brady v. Ally Fin., Inc.*, 2017 WL 10651307, at *2 (M.D. Fla. Nov. 21, 2017) ("Defendant asks for an open-ended stay, which may be prolonged further by a motion for the D.C. Circuit to rehear ACA International, or an appeal to the United States Supreme Court. Finally, it is not clear how the D.C. Circuit's determination in ACA International will impact Plaintiff's claims in this case."); *see also Garmendiz v. Capio Partners, LLC*, 2017 WL 3208621, at *3 (M.D. Fla. July 26, 2017) ("[T]his Court finds it

7

inappropriate to predict the outcome of the appeal in determining whether a stay is appropriate.").

Defendant maintains, however, that the interests of comity and judicial economy support a temporary stay. But, Defendant's argument is not compelling because, unlike most cases where there are two pending district court cases, there is uncertainty as to how the *Olges* action (if it survives at all) will proceed if the Tenth Circuit reverses the district court's dismissal order. The Tenth Circuit could, for example, limit the scope of the relief sought, including the parties and the issues presented. And if that occurs, Defendant's entire argument as to the similarities of the issues and the proposed classes could deteriorate while this case could have been litigated in the interim. We therefore agree with the decision in *South Florida Infection Diseases* that – given the procedural posture of these two cases – the most prudent course is for this case to proceed and to grant Defendant leave to renew its motion to stay if the dismissal order in the *Olges* action is vacated or reversed. Accordingly, Defendant's motion to stay this case pending disposition of a decision in the Tenth Circuit is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's motion to stay is **DENIED**. [D.E. 23]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of March, 2020.

>/s/ *Edwin G. Torres*
> EDWIN G. TORRES
> United States Magistrate Judge